IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIL GIBBS, # B-83871, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1145-SMY |
| ) | |
| RICHARD WATSON, ) | |
| PHILIP McLAURIN, ) | |
| THOMAS TRICE, ) | |
| NANCY SUTHERLAND, ) | |
| and LEVI BRIDGES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center ("Centralia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was a pre-trial detainee housed at the St. Clair County Jail ("the Jail"). Plaintiff claims that Defendants all subjected him to unconstitutional conditions of confinement.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable

---

[1] Plaintiff, along with two other prison inmates, recently filed a motion to join his claims with those already pending in *Pasley v. Justus, et al.*, Case No. 14-cv-505-SMY-PMF (S.D. Ill.) (*See* Docs. 109, 114). Several former Jail inmates jointly brought that case, raising virtually identical claims as Plaintiff raises herein. Plaintiff was denied permission to join that lawsuit.

person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff asserts that during his detention at the jail, Defendants subjected him to "poor and inadequate living conditions, overcrowding, insects, mice, and medical issues due to filthy and poor living conditions, [and] adequate cleaning materials were denied daily" (Doc. 1, p. 1). Plaintiff had to sleep on the dirty floor with only a mattress and mice and insects were "all around" (Doc. 1, p. 2). He was also subjected to foul odors coming from the toilets and showers

due to the failure of Defendants to provide inmates with cleaning materials for the bathroom area.

Plaintiff brought these conditions to the attention of the Defendants by filing complaints "through the captain's request" (Doc. 1, p. 2). None of his complaints were returned, and Plaintiff charges that the Defendants deliberately ignored the problems and never corrected the conditions in the jail. He seeks damages from each Defendant in his/her individual and official capacities and requests injunctive relief to correct the constitutional violations. *Id*.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Plaintiff's complaint omits some details that may prove to be relevant. For instance, he does not disclose when or for how long he was detained at the Jail under the conditions he describes. He claims that the unsanitary conditions subjected him to "medical issues," but does indicate whether he suffered any illness or physical harm as a result. Nonetheless, at this stage of the litigation, accepting all Plaintiff's allegations as true, his claim against the Defendants for housing him under unsanitary conditions of confinement survives review under § 1915A.

The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit has explained,

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to

>a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472, __U.S.__ (2015)).

In the instant case, the combination of the filthy living area, vermin and insect infestation, bathroom odors and lack of cleaning supplies indicate an objectively serious lack of basic sanitation in the jail. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). Further, Plaintiff alleges that the Defendants acted knowingly in maintaining the conditions that allegedly created an excessive risk to his health. Accordingly, Plaintiff's claims

for damages against Defendants Watson, McLaurin, Trice, Sutherland and Bridges shall proceed for further review.

His claim for injunctive relief, however, is moot since Plaintiff is no longer confined at the Jail. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the St. Clair County Jail under the conditions described in the complaint would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## Pending Motions

The motion for service of process at government expense (Doc. 4) is **GRANTED.** Service shall be ordered below.

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

The Clerk of Court shall prepare for Defendants **WATSON, McLAURIN, TRICE, SUTHERLAND,** and **BRIDGES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant,

and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE<br>United States District Judge